# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:13-CV-285-RL-PRC |
| | ) | |
| CHICAGO SOUTH SHORE & | ) | |
| SOUTH BEND RAILROAD, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Jury Trial Under Rule 39(b) [DE 22], filed by Plaintiff CSX Transportation, Inc. on June 2, 2014. Defendant Chicago South Shore & South Bend Railroad filed a response on June 4, 2014. Plaintiff did not file a reply, and the time to do so has passed.

Plaintiff filed a Complaint on August 20, 2013, alleging that Defendant owed Plaintiff damages due to a freight train derailment that occurred on April 8, 2012. Plaintiff's Complaint did not include a demand for jury trial. Federal Rule of Civil Procedure 38 provides that a party must make its written demand for a jury trial "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Plaintiff did not make a jury demand within that time period. Thus, Plaintiff waived a jury trial. *See* Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.").

The Seventh Circuit Court of Appeals explained that Rule 38 sets out a tight deadline for demanding a jury trial because "preparation for a trial often depends critically on whether it will be a jury trial or a bench trial." *Olympia Express, Inc. v. Linee Aeree Italiane, SPA*, 509 F.3d 347, 351 (7th Cir. 2007). Moreover, allowing parties to indefinitely postpone a request for a jury trial would

encourage strategic maneuvering. *Id*.

In the instant motion brought pursuant to Federal Rule of Civil Procedure 39(b), Plaintiff asks the Court for an order permitting this case to now be tried by a jury. Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Applying Rule 39(b) in considering an untimely request for a jury trial by a blind, indigent, unrepresented prisoner, made just nine days after the expiration of the Rule 38(b) deadline, the Seventh Circuit Court of Appeals held that, "in the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983).

However, the use of "strong and compelling reasons" as the standard for a request for a jury trial under Rule 39(b) was subsequently rejected in *Members v. Paige*, 140 F.3d 699, 702-04 (7th Cir. 1998), which also concerned litigation brought by an indigent, unrepresented prisoner. The court in *Members* found that the premise of the holding in *Merritt*–that courts should excuse mistakes by unrepresented litigants regarding procedural rules–was overruled by the Supreme Court's holding in *McNeil v. United States* that procedural rules apply equally to unrepresented litigants. 140 F.3d at 702-03 (citing *McNeil v. United States*, 508 U.S. 106, 112-13 (1993)).

Thus, finding no distinction in the application of Rule 39(b) to litigation involving unrepresented as opposed to represented litigants, the Seventh Circuit Court of Appeals held that the Rule 39(b) inquiry requires a "thoughtful exercise of discretion." *Id*. at 703.[1] Once a litigant

---

[1] The version of Rule 39(b) in effect at the time provided: "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b) (1998). The 2007 Amendment that resulted in the current version of Rule 39 was part of the general restyling of the Civil Rules to make them more easily understood and was intended to be stylistic only. *See* Fed. R. Civ. P. 39 (2007 advisory committee's notes).

2

offers a reason for the belated request for a jury trial, the "district court 'ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation of that particular case, rather than with a fixed policy.'" *Id.* (quoting Alan Wright & Arthur R. Miller, 9 *Fed. Prac. & Proc.* § 2334, 189 (1995)). For instance, the lack of legal assistance may be a good reason for favorable discretion under Rule 39(b). *Id.* at 704.

More recently, in the context of commercial litigation, the Seventh Circuit Court of Appeals held that "Rule 39(b) allows the district court to grant an untimely demand for a jury, but only, the courts have held, if a good reason for the belated demand is shown." *Olympia Express*, 509 F.3d at 352 (citing *Pacific Fisheries Corp. v. HIH Casualty & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *SEC v. Infinity Group Co.*, 212 F.3d 180, 195-96 (3d Cir. 2000)); *see also ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Production Dist.*, 844 F. Supp. 2d 937, 938-39 (N.D. Ill. 2012) (applying a "good reason" standard to first determine whether the request for jury trial has merit) (citing *Commc'ns Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1207-08 (7th Cir. 1985); *Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein*, 243 F.3d 1086 (7th Cir. 2001)). In applying the "good reason" standard in *Olympia Express*, the court also weighed the "practical concerns of preparation and predictability" discussed above. 509 F.3d at 352.[2]

---

[2] As noted by Plaintiff in its motion, some district courts within this circuit use a five-element balancing test to determine whether to allow a jury trial under Rule 39(b). The elements are (1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted by granting the request; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the moving party's tardiness in demanding a jury trial. *See Abuelyaman v. Illinois State Univ.*, No. 07-1151, 2010 WL 173896, at *1 (C.D. Ill. Jan. 14, 2010) (citing *Karol v. Bear Stearns & Co., Inc.*, 708 F. Supp. 199, 200 (N.D. Ill. 1989); *AM Int'l, Inc. v. Eastman Kodak Co.*, 648 F. Supp. 506, 507 (N.D. Ill. 1986); *In re HA-LO Indus.*, 326 B.R. 116, 122 (Bankr. N.D. Ill. 2005)); *see also Ward v. Delaney*, No. 01 C 3074, 2003 WL 24205813, at *1 (N.D. Ill. 2003); *Lappin v. Norfolk S. Ry.*, No. IP01-0150, 2001 WL 1691639, at *1 (S.D. Ind. 2001); *Batteast Constr. Co. v. Henry Cnty. Bd. of Comm'r*, 196 F.R.D. 543, 544 (S.D. Ind. 2000).

This case is unlike the indigent prisoner litigation at issue in *Merritt* and *Members* in that both parties are experienced business entities with experienced legal counsel. Nor is this a case like *Kay Beer Distributing, Inc. v. Energy Brands, Inc.*, which dealt with ambiguous language in Federal Rule of Civil Procedure 81 regarding demanding a jury trial after removal from state court, No. 07-C-1068, 2009 WL 1705746, at *2-3 (E.D. Wis. June 12, 2009), or like *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992), in which the plaintiff's new attorneys, who entered the case three years after the filing of the initial complaint, did not realize that no jury demand had been made and requested a jury on the eve of trial.

Rather, Plaintiff's counsel has represented Plaintiff throughout this case and chose not to demand a jury trial in the Complaint or within the period allowed for under Rule 38(b). In the instant motion seeking a jury trial, Plaintiff explains that, while originally believing that very few facts were in dispute, Plaintiff now believes that there are "more disputes with respect to facts and witness credibility than originally anticipated." Pl. Br. 2. In response, Defendant aptly notes that Plaintiff provides no specific disputed facts nor names any specific witnesses with credibility issues in support of this new position. In fact, Defendant points out that Plaintiff has not yet deposed any witnesses. Despite this challenge to Plaintiff's motion, Plaintiff has filed no reply brief to fill in these blanks. Moreover, if the only change in circumstances perceived by Plaintiff is that some new questions of fact may need to be decided, the Court is equally capable as a jury of deciding factual issues as trial.

Having considered Plaintiff's limited argument and assessing the factual circumstances of the case, the Court finds, in its discretion, that Plaintiff has not shown good reason for the untimely jury request. Accordingly, the Court hereby **DENIES** the Motion for Jury Trial Under Rule 39(b)

[DE 22].

So ORDERED this 19th day of June, 2014.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record